IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHENSON WALKIN,

    Petitioner,

vs.                                                                     CASE NO.  4:14cv201-RH/CAS

ERIC HOLDER, JR., et al,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this case on April 21, 2014, by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  Petitioner subsequently paid the $5.00 filing fee on May 2, 2014, doc. 4, and the petition was served on Respondents.

    Petitioner is a native and citizen of the Turks and Caicos, but has been in the United States since age two.  Doc. 1 at 1.  Petitioner sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), alleging he had been in the custody of I.C.E. since July 3, 2013, and claims it is not likely that he will be removed in the foreseeable future.

    On July 9, 2014, Respondents filed a response to the petition asserting that I.C.E. had "obtained a travel document" for Petitioner on June 5, 2014.  Doc. 9 at 1-2.

The response advised that Petitioner was "scheduled to be removed to the Turks and Caicos in mid-July 2014." *Id.* at 2.  Thus, Respondents contend that the petition should be dismissed because Petitioner has not established that his detention is unlawful.  *Id.*

Pursuant to the Order directing service, Petitioner was advised that he would have "a limited period of time in which to file a reply, if desired, to the answer or response to the petition."  Doc. 5.  Petitioner's deadline to file a reply was August 11, 2014.  *Id.*  When no response was filed, the "Online Detainee Locator System" was consulted which indicates Petitioner is no longer in custody.

The Supreme Court held that an alien's post-removal-period detention is limited to "a period reasonably necessary to bring about that alien's removal from the United States."  <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001).  Six months is a presumptively reasonable period of time to detain an alien awaiting removal.  *Id.* at 701, 121 S.Ct. at 2505.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government" may be called on "to rebut that showing."  *Id.* at 701, 121 S.Ct. at 2505.  Here, Respondents have sufficiently rebutted the showing made by Petitioner.  Respondents have demonstrated that travel documents have been obtained and Petitioner was scheduled to be removed.  The petition must be **Denied**.

It may be also presumed that the petition is moot by virtue of the scheduled removal in mid-July 2014, the fact that Petitioner did not file a response, and the Online Detainee Locator System which shows Petitioner is no longer in custody.  That

presumption is unnecessary, however, because the petition is due to be dismissed on the merits.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, doc. 1, filed by **Stephenson Walkin** be **DENIED** and this case be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 26, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**